ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

July 2, 2014

The Honorable Judith Zaffirini
Chair, Committee on Government
    Organization
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-1070

Re: Whether a municipality that has a current tax rate of zero is subject to a rollback election under section 26.07 of the Tax Code or an ad valorem tax-freeze election under article VIII, section 1-b(h) of the Texas Constitution (RQ-1179-GA)

Dear Senator Zaffirini:

You ask three questions about whether the voter approval requirements of certain tax laws apply to municipalities that have reduced their ad valorem tax rate to zero.[1] You first ask whether section 26.07(a) of the Tax Code "allow[s] voters to petition for a rollback election when a city increases the ad valorem tax rate from zero?" Request Letter A, at 2.

Section 26.07 provides that if a municipality "adopts a tax rate that exceeds the rollback tax rate . . . , the qualified voters of the [municipality] by petition may require that an election be held to determine whether or not to reduce the tax rate adopted for the current year to the rollback tax rate." TEX. TAX CODE ANN. § 26.07(a) (West 2008). The rollback tax rate is calculated by multiplying the effective maintenance and operations rate by 1.08 and then adding the current debt rate. *Id.* § 26.04(c)(2). The effective maintenance and operations rate is calculated using the following formula:

$$\frac{(\text{LAST YEAR'S LEVY} - \text{LAST YEAR'S DEBT LEVY} - \text{LAST YEAR'S JUNIOR COLLEGE LEVY})}{(\text{CURRENT TOTAL VALUE} - \text{NEW PROPERTY VALUE})}$$

*Id.* § 26.012(9) (West Supp. 2013).

---

[1]You submitted two separate letters to ask these questions, but because the questions are related, we will answer them in one opinion. *See* Letters from Honorable Judith Zaffirini, Chair, Senate Comm. on Gov't Org., to Honorable Greg Abbott, Tex. Att'y Gen. (Jan. 9, 2014), http://www.texasattorneygeneral.gov/opin. We will hereafter refer to your request regarding section 26.07 of the Tax Code as "Request Letter A" and your request regarding article VIII, section 1-b(h) of the Texas Constitution as "Request Letter B."

You state that the City of Santa Clara reduced its tax rate to zero and did not impose an ad valorem tax for the 2012 and 2013 tax years. Request Letter A, at 2. The City now wishes to raise the ad valorem tax rate to a rate above zero. *Id.* You explain that because the current tax rate is zero, both last year's levy and the effective maintenance and operations rate are both zero as well. *Id.* The City also has "no current debt service," so the rollback rate is zero. *Id.* You are concerned that "[i]f any increase in the tax rate would trigger voters' ability to petition for a rollback election, the City in theory could be prevented from collecting ad valorem taxes indefinitely," and you question whether the "rollback provision compels" this result. *Id.*

When construing a statute, the "primary objective is to give effect to the Legislature's intent." *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010). The best evidence of the Legislature's intent is found through the plain language, and we generally will not add requirements or exceptions to a statute that are not contained in the plain language. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 630–31 (Tex. 2008) (declining to read additional words into a statute). Through chapter 26 of the Tax Code, the Legislature has provided the method for a taxing unit to adopt a tax rate, including empowering the voters to petition for a rollback election when a city increases the ad valorem tax rate above the rollback rate. The Legislature has not provided an exception to the rollback election procedure for instances when a taxing unit has ceased levying taxes.[2] Taxing units "must substantially comply with the requisite procedures exacted by statute in order to arrive at a valid tax levy," and "[f]ailure to comply with the statutory directives in assessing taxes voids the assessment." *Corpus Christi Taxpayer's Ass'n v. City of Corpus Christi*, 716 S.W.2d 578, 580 (Tex. App.— Corpus Christi 1986, writ ref'd n.r.e.). Thus, unless the Legislature creates an exception to section 26.07 of the Tax Code, if a municipality's rollback rate is zero, the qualified voters of the municipality by petition may require that an election be held to determine whether or not to reduce the adopted tax rate back to zero. TEX. TAX CODE ANN. § 26.07(a) (West 2008).

Assuming an affirmative answer to your first question, you also ask "at what rate of ad valorem tax is the voters' right to petition for a rollback election triggered." Request Letter A, at 2. Section 26.07 authorizes voters to petition for a rollback election any time the adopted tax rate "exceeds the rollback tax rate." TEX. TAX CODE ANN. § 26.07(a) (West 2008). Under the plain language of the statute, if a municipality's rollback tax rate is zero, any adopted ad valorem tax rate above zero authorizes the voters to petition for a rollback election. *Id.*

You also ask whether article VIII, section 1-b(h) of the Texas Constitution requires a properly petitioned city to hold an election to determine whether to freeze the ad valorem taxes

---

[2]In Attorney General Opinion GA-0798, this office addressed a similar question about a hospital district that had ceased levying taxes, and the requestor argued that the district should be considered "a new entity setting its budget and tax rate for the very first time." Tex. Att'y Gen. Op. No. GA-0798 (2010) at 3. That opinion advised, however, that it was impossible to "predict with any certainty that a court would uphold a decision by the District to select the provisions of chapter 26 with which the District will comply." *Id.* at 4.

imposed on the homestead of certain individuals when the current ad valorem tax rate is zero. Request Letter B, at 2. Article VIII, section 1-b(h) authorizes the governing body of a municipality to freeze the total amount of ad valorem taxes imposed on property that is subject to a residence homestead exemption and owned by a person that is disabled or is 65 years of age or older. TEX. CONST. art. VIII, § 1-b(h). Section 1-b(h) also provides that five percent of the registered voters in the municipality may petition the municipality to call an election to determine by majority vote whether to establish the tax freeze. *Id.* You are concerned that when a municipality has a tax rate of zero, "subjecting the city to such an election [could] prevent the collection of taxes" on a significant percentage of properties subject to homestead exemptions. Request Letter B, at 2. You question whether article VIII, section 1-b(h) compels this result. *Id.*

"[T]hose who are called upon to construe the Constitution are not authorized to thwart the will of the people by reading into the Constitution language not contained therein, or by construing it differently from its plain meaning." *Cramer v. Sheppard*, 167 S.W.2d 147, 154 (Tex. 1943) (orig. proceeding). In authorizing a tax freeze for homestead exemptions, the plain language of article VIII, section 1-b(h) does not provide any exceptions for instances when a taxing unit has a tax rate of zero. Unless the text is ambiguous or leads to absurd results, we construe it according to its plain meaning and will not rewrite it to extend beyond its plain terms. *See Combs v. Health Care Servs. Corp.*, 401 S.W.3d 623, 629 (Tex. 2013). Article VIII, section 1-b(h) is neither ambiguous nor does it lead to an absurdity. Thus, article VIII, section 1-b(h) of the Texas Constitution requires a municipality with an ad valorem tax rate of zero, upon receiving a properly filed petition from five percent of authorized voters, to hold an election to determine whether to freeze the total amount of ad valorem taxes imposed on property that is subject to a residence homestead exemption owned by a person that is disabled or is 65 years of age or older.

## S U M M A R Y

Under section 26.07 of the Tax Code, if a municipality's ad valorem rollback rate is zero and it adopts a tax rate above zero, the qualified voters of the municipality by petition may require that an election be held to determine whether or not to reduce the ad valorem tax rate back to zero.

Article VIII, section 1-b(h) of the Texas Constitution requires a municipality with an ad valorem tax rate of zero, upon receiving a properly filed petition from five percent of authorized voters, to hold an election to determine whether to freeze the total amount of ad valorem taxes imposed on property that is subject to a residence homestead exemption owned by a person that is disabled or is 65 years of age or older.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee